**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 10-CR-20003 |
| ) | |
| **TERRION D. HERMAN,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on the Motion to Suppress Evidence (#19) and Motion to Suppress Statement (#20) filed by Defendant, Terrion D. Herman. An evidentiary hearing was held on August 19, 2010. This court has carefully considered the evidence presented at the hearing and the written arguments submitted by the parties. Following this careful review, Defendant's Motions (#19, #20) are DENIED.

## BACKGROUND

On February 9, 2010, the grand jury returned a one-count indictment (#7) against Defendant, Terrion D. Herman. Defendant was charged with, on or about February 3, 2010, knowingly possessing 50 grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, with the intent to distribute it. Defendant is in custody pending trial and is represented by retained counsel, Ray E. Richards, II, of Royal Oak, Michigan.

On July 9, 2010, Defendant filed a Motion to Suppress Evidence (#19) and a Motion to Suppress Statement (#20). Defendant's Motions incorporated a Brief in Support. In his Motion to Suppress Evidence (#19), Defendant argued that the search of the property at 1200 S. Vine Street, Apartment #25, Urbana, Illinois, violated his constitutional rights because the search warrant lacked particularity and was issued without probable cause. In his Motion to Suppress Statement (#20), Defendant argued that he was detained when his home was raided by law enforcement. He argued

that, during the search, he "made incriminating statements and seemed to with bodily gestures suggest to officers where the crack cocaine was stashed in the wall clock." Defendant argued that his statements should be suppressed. On July 28, 2010, the Government filed a Response to Defendant's Motion to Suppress Evidence (#21) and a Response to Defendant's Motion to Suppress Statements (#22).

EVIDENTIARY HEARING

At the hearing, the Government presented the testimony of three witnesses, Investigator Jay Loschen, Sergeant Sylvia Morgan and Investigator Michael Cervantes of the Urbana Police Department. Defendant did not present any evidence. This court found the testimony of the Government's witnesses to be credible.

The evidence presented showed that, on February 3, 2010, Loschen spoke with an individual who was arrested during a "parolee roundup." This individual said that Defendant had been selling crack cocaine as recently as January 31, 2010, from an apartment next to the Urbana Middle School. Loschen verified through multiple sources that Defendant resided at 1200 S. Vine Street, Apartment 25, in Urbana, which was located directly across the street from Urbana Middle School. Loschen also determined that Defendant was currently on parole and had four prior drug convictions.

That same day, Loschen took his trained narcotics detection canine, Hunter, outside the third floor door which had "25" on it. Loschen testified that he has been a trained K9 officer since March 2002 and his required monthly training with Hunter was up to date on February 3, 2010. Loschen stated that Hunter had been with the Urbana Police Department since October 1, 2008, and had previously assisted law enforcement agencies in the recovery of illegal drugs. Loschen testified that Hunter alerted to the presence of narcotics within the apartment. Loschen then sought and obtained a state court search warrant for Defendant's apartment located at 1200 S. Vine Street, Apartment

2

#25, Urbana.

The Government has provided this court with a copy of the search warrant and the complaint and affidavit for search warrant to its Response. The complaint was signed under oath by Loschen. Loschen stated that he received information that "a black male known as TERRION HERMAN was selling crack cocaine as recently as January 31, 2010 from an apartment adjacent to The Urbana Middle School located at 1201 S. Vine Street, Urbana, Illinois, Champaign County." Loschen stated that he confirmed, from several sources, that Defendant was on parole and resided at 1200 S. Vine Street, Apartment #25, in Urbana. Loschen stated that he checked Defendant's criminal history and learned that he had 8 charges and 4 convictions for dangerous drugs. Loschen stated that he and "Inv. Michael Cervantes and Sgt. Sylvia Morgan conducted a drug investigation at 1200 S. Vine Street, Urbana, Champaign County, Illinois by conducting a canine sniff (K9 Sweep) at the door located on the third floor and that door displayed the number '25', on it." Loschen stated that he ran his canine partner Hunter along that door and "Hunter alerted to the odor of illegal drugs within the residence by sitting." Loschen stated:

> Hunter is a trained narcotics detection dog and he is trained in the detection of cocaine, crack cocaine, marijuana, methamphetamine, and heroin and he has been with the Urbana Police Department since October 1st, 2008. Hunter is a passive alert dog; therefore, he sits when he alerts to the odor of illegal drugs. INVESTIGATOR JAY LOSCHEN, states Hunter has assisted the Urbana Police Department and other local agencies in the recovery of multiple grams of cocaine and marijuana in the last sixteen months with his largest seizure being 35 pounds of cannabis and 120 grams of psilocybin mushrooms

3

for the Urbana Police Department and over 300 grams of cocaine for the Champaign Police Department.

The search warrant issued based upon Loschen's complaint authorized the search of "1200 S. VINE STREET APARTMENT #25, URBANA, CHAMPAIGN COUNTY, ILLINOIS, A RED BRICK BUILDING WITH GRAY SIDING, APARTMENT ON THIRD FLOOR WITH #25 ON DOOR." The warrant stated:

> ITEMS TO BE SEIZED: Any substance of any color which appears or purports to be cocaine and/or cannabis or any of its derivatives; all paraphernalia of any kind including, but not limited to, scales, packaging materials such as plastic bags and twist ties, and cutting agents, used for the manufacture or distribution of cocaine and/or cannabis; cellular telephones, all monies suspected of being utilized to further said distribution of controlled substances and/or cannabis; all documents showing indicia of ownership and/or occupancy of; 1200 S. VINE STREET APARTMENT #25 . . . ; all records, ledgers, financial statements, cellular phones, or notations concerning illegal delivery or possession of cocaine and/or cannabis and/or individuals involved in illegal delivery or possession of cocaine and/or cannabis.

The search warrant was executed the day it was issued, February 3, 2010. Defendant was the only individual present inside the apartment. Based upon his observations of Defendant while seated on the couch, Investigator Matthew Quinley asked Morgan to search a clock hanging above the kitchen entrance door. Inside the back of the clock, Morgan found approximately 95 grams of cocaine base ("crack") in a plastic bag.

4

After Morgan found the crack cocaine, Loschen advised Defendant of his Miranda rights. Defendant stated he understood his rights and agreed to speak with officers. Defendant made numerous admissions, including admitting that he possessed the crack cocaine found in the clock, that he was involved in selling narcotics, and that one of the items seized by the officers from his apartment was a digital scale. Each of the items seized by the officers, including the crack cocaine, digital scale, plastic bags, cellular telephone and $134 United States currency was specifically listed as items to be seized in the search warrant.

ANALYSIS

I. MOTION TO SUPPRESS EVIDENCE

Based upon the facts presented, this court agrees with the Government that: (1) the search warrant was supported by probable cause based upon the information received and the alert by the canine; (2) even if Defendant could show that the warrant was not supported by probable cause, the Leon good faith exception applies; and (3) the search warrant sufficiently described the location to be searched and the items to be seized.

This court agrees with the Government that the use of a canine to sniff the exterior of the apartment was not a search implicating the Fourth Amendment. See Illinois v. Caballes, 543 U.S. 405, 409-10 (2005) (use of a well-trained narcotics-detection dog "generally does not implicate legitimate privacy interests"). This court further agrees that a positive dog indication for narcotics provides sufficient probable cause for the issuance of a search warrant. See Caballes, 543 U.S. at 406-07.[1]

In any case, the Government is correct that, pursuant to United States v. Leon, 468 U.S. 897

---

[1] This court notes that it agrees with the Government that Defendant's one sentence argument that the "K-9 hit is not a finding of fact but indicia of the possible presence of drugs that once again cannot be cross examined but only affirmed by the testimony of the K-9 handler" makes little sense. This court concludes that there is no reason to address it.

5

(1984), the exclusionary rule does not apply to evidence obtained by law enforcement officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate. "The fruits of a search based on an invalid warrant may be admitted at trial if the executing officer relied on the invalid warrant in good faith." United States v. Orozco, 576 F.3d 745, 750 (7th Cir. 2009), citing Leon, 468 U.S. at 922. "Judicial officers have the responsibility to determine whether there is probable cause to issue a warrant; police officers should not be expected to question that determination." United States v. Harju, 466 F.3d 602, 606 (7th Cir. 2006). A police officer's decision to obtain a warrant is *prima facie* evidence that he was acting in good faith, and a defendant bears the burden of rebutting this presumption of good faith. Harju, 466 F.3d at 607. "The defendant can rebut the presumption of good faith by showing that (1) the issuing judge abandoned his role as a neutral and detached arbiter; (2) the officers were reckless or dishonest in preparing the supporting affidavit; or (3) the affidavit was so lacking in probable cause that no officer could have reasonably relied on it." Orozco, 576 F.3d at 750, citing Leon, 468 U.S. at 923. Defendant has not rebutted the presumption of good faith in this case.

This court also agrees with the Government that the search warrant sufficiently described the location to the searched and the items to be seized. The search warrant in this case described in detail the exact address, appearance and location of the residence and also specifically described and authorized the seizure of the crack cocaine, digital scale, box of sandwich bags, cellular phone and U.S. currency.

For all of the reasons stated, Defendant's Motion to Suppress Evidence (#19) is DENIED.

## II. MOTION TO SUPPRESS STATEMENTS

In his Brief in Support of Findings of Fact and Conclusions of Law (#27), Defendant appears

to be arguing that his statements must be suppressed because he was illegally seized when he was detained during the execution of the search warrant. This court agrees with the Government that any such argument is entirely frivolous. See United States v. Jennings, 544 F.3d 815, 818 (7th Cir. 2008) ("officers executing a search warrant have categorical authority to detain any occupant of the subject premises during the search"). This court concludes that Defendant has not presented any facts or argument which would warrant suppressing the statements Defendant made after he was advised of his Miranda rights, and the evidence shows that Defendant did not make any statements prior to his formal arrest and waiver of his Miranda rights. Therefore, Defendant's Motion to Suppress Statements (#20) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Suppress Evidence (#19) and Motion to Suppress Statements (#20) are DENIED.

(2) This case remains scheduled for a status conference on November 23, 2010, at 11:30 a.m.

ENTERED this 23rd day of November, 2010

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE