**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                               Case No. 2:10-CR-20003-JEH-1

TERRION D. HERMAN,
    Defendant.

**Order**

Now before the Court are the Defendant, Terrion Herman's, two motions to reduce his sentence. (D. 130 & 134).[1] The Court reads these motions as: (1) a motion pursuant to 18 U.S.C. § 3582(c)(2) to apply the November 1, 2024 Sentencing Guideline Amendments retroactively to his case, and (2) a motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure, which the Court construes as a successive motion under 28 U.S.C. § 2255. Upon consideration of the United States' response and the procedural history of this case, the Court, as explained, *infra*, denies the § 3582 motion and dismisses the "Rule 60(b)" motion for want of jurisdiction.

On February 9, 2010, Herman was indicted for possession of fifty grams or more of cocaine base ("crack") with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).   Following a jury trial, Herman was convicted on June 15, 2011.   Initially, Herman was sentenced to life imprisonment based on his conviction and four prior felony drug convictions.   However, following the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012),

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

Herman's case was remanded for resentencing under the Fair Sentencing Act. On September 25, 2013, Herman was resentenced to 360 months of imprisonment, eight years of supervised release, and a $100 special assessment.

Herman has filed multiple motions challenging his sentence, including an untimely motion under 28 U.S.C. § 2255 in 2016, which was denied. In 2021, Herman filed a motion under 28 U.S.C. § 2241, which was transferred to the Eastern District of Kentucky. Herman also filed motions under Section 404(b) of the First Step Act and various Sentencing Guidelines amendments, all of which were denied.

In 2024, Herman filed a pro se motion to reduce his sentence pursuant to Guidelines Amendment 821 and a motion for compassionate release, both of which were dismissed at his request. On January 22, 2025, President Joseph R. Biden granted clemency to Herman, reducing his sentence to 220 months. However, the two motions now before the Court remain pending.

Regarding Herman's first motion (D. 130) to apply the November 1, 2024 Sentencing Guideline Amendments retroactively, incorrectly docketed as a "Motion for Compassionate Release," that motion is denied because the amendments do not apply to Herman, nor do they have the effect of lowering his applicable guideline range. Specifically, the "Status Points under § 4A1.1" and the "Adjustment for Certain Zero-Point Offenders" amendments do not affect Herman's guideline range because he received 21 criminal history points, resulting in a Criminal History Category VI, which remains unchanged under the amendments.

Regarding his second motion (D. 132), incorrectly docketed as "Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine," that motion is styled by Herman as a Rule 60(b)(6) motion. However, because it challenges the legality of his detention and seeks his release, it is in actuality a successive motion

under 28 U.S.C. § 2255. *See United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007). Herman has not obtained permission from the Seventh Circuit to file a successive Section 2255 motion, as required by 28 U.S.C. § 2255(h). Therefore, the motion is dismissed for lack of jurisdiction.

Finally, to the extent any of Herman's motion could be treated as a First Step Act motion, it is barred by Section 404(c) of the Act, which prohibits the Court from entertaining a motion to reduce a sentence if a previous motion under the same section was denied on the merits. *See Concepcion v. United States*, 597 U.S. 481, 496 ("The only two limitations on district courts' discretion appear in § 404(c): A district court may not consider a First Step Act motion if the movant's sentence was already reduced under the Fair Sentencing Act or if the court considered and rejected a motion under the First Step Act.").

For the reasons stated, *supra*, Docket Number 130 is denied, and Docket Number 134 is dismissed for want of jurisdiction.

*It is so ordered.*

Entered on April 15, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

3